UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DEMITRIUS R. WHITFIELD,

*Plaintiff,*

– against –

HRA; U.S. DEPARTMENT OF
HOMELAND SECURITY; DSS,

*Defendants.*

**MEMORANDUM & ORDER**
26-cv-01079 (NCM) (PCG)

---

DEMITRIUS R. WHITFIELD,

*Plaintiff,*

– against –

U.S. RAILROAD ADMINISTRATION,

*Defendant.*

26-cv-01080 (NCM) (PCG)

---

**NATASHA C. MERLE**, United States District Judge.

On February 25, 2026, plaintiff Demetrius Whitfield, proceeding *pro se,* commenced the above captioned actions. *See generally* Compl., ECF No. 1.[1] Plaintiff did not pay the requisite filing fees but did apply to proceed *in forma pauperis* ("IFP"). ECF No. 2.

---

[1]   Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

By Order dated March 24, 2026, plaintiff's IFP applications were denied without prejudice to renew and he was instructed that, to proceed with this case, he must either pay the $405 filing fee or submit a completed Long Form IFP application that demonstrates indigency within 14 days of the date of the Order. ECF No. 4 (26-cv-01079); ECF No. 3 (26-cv-01080). The Order warned that if plaintiff failed to do so within the time allowed, the actions would be dismissed without prejudice.

In the HRA action, plaintiff did not comply with or otherwise respond to the Court's Order. Accordingly, on April 30, 2026, the Court dismissed the HRA Action. ECF No. 5.

In the U.S. Railroad Association Action, plaintiff filed a letter directing the Court to the docket for a separate case he filed, *Whitfield v. MasterCard et al*, No. 26-cv-00471, asserting that the filing "prov[es] [his] [i]ndigency." ECF No. 4. In the *MasterCard* case, plaintiff had submitted a Short Form IFP application and his motion to proceed IFP was granted "for the limited purpose of th[e] Order" dismissing that complaint. *See Whitfield v. MasterCard et al*, No. 26-cv-00471, ECF Nos. 2, 7. By Order dated April 30, 2026, the Court found that the *MasterCard* case failed to establish plaintiff's indigency for the purposes of the U.S. Railroad Association Action. ECF No. 5. Accordingly, the Court dismissed the U.S. Railroad Association Action. ECF No. 5.

On May 18, 2026, plaintiff filed a completed Long Form IFP application in both cases demonstrating that he is indigent. ECF No. 6. Accordingly, the Court reopens the instant proceedings, and plaintiff's requests to proceed IFP are granted. However, for the reasons discussed below, both Complaints must be dismissed.

2

## BACKGROUND

Both Complaints are filed on a form Civil Cover Sheet. In the HRA Action, plaintiff checks the box for Federal Question Jurisdiction and writes that the basis for such jurisdiction is "Beivens [sic] Act; Retro Active payments; Schimms/Fraud." Compl. 4. In the Statement of Claim section, plaintiff states "Beivens [sic] Act; Actual Fraud; Identity Theft; Defamation of Character. 23,000,000;" and in the Relief section, plaintiff states "Master Card [sic] & Visa Consent & Navy Federal Credits Consent to drop all the cases stemming from the Top of the Block or Bank Chain." Compl. 5–6.

In the U.S. Railroad Association Action, plaintiff checks the box for Federal Question Jurisdiction and writes that the basis for such jurisdiction is "Beveins [sic] Act; Retro Activity (Military) compensasion [sic] laws;" Compl. 4. In the Statement of Claim section, plaintiff states "Master Card [sic] & Visa; Navy Federal Credit Unions Consent;" and in the Relief section, plaintiff states "partial 600 Million or Inclusion of Settlement for My Father[']s WW2 Service and Honorable Discharge plus all Back-pay Retro-Active." *Id.* at 5-6.

Neither Complaint provides additional insight into the claims.

## LEGAL STANDARD

Courts are required to give special consideration to *pro se* litigants, those individuals who are not attorneys and represent themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving *pro se* litigants special consideration, the Court must look for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008). "A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least

3

once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).[2]

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of his claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "The basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019). A court is

---

[2]     Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8. *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court must dismiss plaintiff's actions in their entirety because, even if construed liberally, they fail to meet Rule 8's minimal pleading requirements. Plaintiff fails to provide a "short and plain" statement of his claims against defendants so that they have a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage*, 916 F.3d at 141. He has neither asserted facts that suggest a violation of his constitutional rights or federal law, nor linked defendants to any such violation. The Court is unable to determine exactly what claims plaintiff is attempting to allege and thus cannot evaluate whether plaintiff's allegations state a claim for relief. *See Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege"). Even liberally construing plaintiff's Complaints in his favor, he fails to state a claim upon which relief can be granted. Plaintiff's Complaints are therefore dismissed.

The Court has considered affording plaintiff an opportunity to amend these complaints. In just the past five months, plaintiff has filed eight other complaints without paying the filing fee. *See* 26-cv-00471, 26-cv-02103, 26-cv-02125, 26-cv-02968,

26-cv-03139, 26-cv-03143, 26-cv-03242, 26-cv-03296. Given his litigation history and because the Complaints' defects are unlikely to be cured by amendment, the Court concludes that granting plaintiff leave to amend would be futile. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile."). It is important that the Court and defendants not be required to expend resources on patently frivolous litigation. *See Gonzales v. Wright*, 06-cv-01424, 2010 WL 681323, at *12 (N.D.N.Y. Feb. 23, 2010) (noting that courts in the Second Circuit have consistently recognized that "it is utterly unjust to haul people into federal court to defend against, and disprove, delusions") (collecting cases). The Court warns plaintiff against filing future unintelligible IFP complaints.

## CONCLUSION

For the reasons stated above, the Complaints are dismissed because they fail to comply with Rule 8 of the Federal Rules of Civil Procedure and fail to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). Moreover, plaintiff is warned that he may not continue to squander scarce judicial resources.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close these cases, mail

a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:       July 1, 2026
             Brooklyn, New York

7